

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 24507198**
**Date Processed: 02/22/2022**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Entity:** | Harris Teeter Supermarkets, Inc.<br>Entity ID Number  3323024 |
| **Entity Served:** | Harris Teeter Supermarkets Inc |
| **Title of Action:** | Susan Feffer vs. Harris Teeter Supermarkets, Inc. |
| **Matter Name/ID:** | Susan Feffer vs. Harris Teeter Supermarkets, Inc. (12027249) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Arlington County Circuit Court, VA |
| **Case/Reference No:** | 013CL22000438-00 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 02/21/2022 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Karp, Wigodsky, Norwind, Kudel & Gold, P.A.<br>301-948-3800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# COMMONWEALTH OF VIRGINIA



ARLINGTON CIRCUIT COURT
Civil Division
1425 NORTH COURTHOUSE RD
ARLINGTON  VA
(703) 228-7010

Summons

To: HARRIS TEETER SUPERMARKETS INC
　　SERVE: CORPORATION SERVICE COM
　　100 SHOCKOE SLIP FL 2
　　RICHMOND VA 23129

Case No. 013CL22000438-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, February 17, 2022

Clerk of Court: PAUL F. FERGUSON

by _____
(CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:


Attorney's name:

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. _____
(CLERK'S OFFICE USE ONLY)

Arlington County _____ . Circuit Court

SUSAN FEFFER _____ v./In re: _____ HARRIS TEETER SUPERMARKETS, INC. _____
PLAINTIFF(S)                                                      DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
　　[ ] Monetary Damages
　　[ ] No Monetary Damages
[ ] Counterclaim
　　[ ] Monetary Damages
　　[ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
　　[ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[x] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of (select one)
　　[ ] ABC Board
　　[ ] Board of Zoning
　　[ ] Compensation Board
　　[ ] DMV License Suspension
　　[ ] Employee Grievance Decision
　　[ ] Employment Commission
　　[ ] Local Government
　　[ ] Marine Resources Commission
　　[ ] School Board
　　[ ] Voter Registration
　　[ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
　　[ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
　　[ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
　　[ ] Complaint – Contested*
　　[ ] Complaint – Uncontested*
　　[ ] Counterclaim/Responsive Pleading
　　[ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
　　[ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
　　[ ] Guardian/Conservator
　　[ ] Standby Guardian/Conservator
　　[ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
　　[ ] Impress/Declare/Create
　　[ ] Reformation
[ ] Will (select one)
　　[ ] Construe
　　[ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
　　[ ] Church Trustee
　　[ ] Conservator of Peace
　　[ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
　　[ ] Reinstatement pursuant to § 46.2-427
　　[ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
　　[ ] Correct Erroneous State/Local
　　[ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[x]  Damages in the amount of $ 750,000.00 _____ are claimed.

2/4/22
DATE

[ ] PLAINTIFF　[ ] DEFENDANT　[x] ATTORNEY FOR　[x] PLAINTIFF　[ ] DEFENDANT

Demosthenes Komis
PRINT NAME
2273 Research Boulevard, Suite 200, Rockville, MD 20850
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
(301) 948-3800

dkomis@karplawfirm.net
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 07/16

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

## Civil Action Type Codes
### (Clerk's Office Use Only)

| | |
|---|---|
| Accounting ................................................. ACCT | Encumber/Sell Real Estate ............................ RE |
| Adoption ..................................................... ADOP | Enforce Vendor's Lien ............................... VEND |
| Adoption – Foreign ..................................... FORA | Escheatment .................................................. ESC |
| Adult Protection .......................................... PROT | Establish Boundaries .................................. ESTB |
| Aid and Guidance ........................................... AID | Expungement ............................................. XPUN |
| Amend Death Certificate ............................... ADC | Forfeiture of Property or Money ............. FORF |
| Annexation ................................................. ANEX | Freedom of Information ............................... FOI |
| Annulment ................................................... ANUL | Garnishment ............................................ GARN |
| Annulment – Counterclaim/Responsive Pleading... ACRP | Injunction ..................................................... INJ |
| Appeal/Judicial Review | Intentional Tort ......................................... ITOR |
|    ABC Board ........................................... ABC | Interdiction ............................................... INTD |
|    Board of Zoning .................................. ZONE | Interpleader ............................................... INTP |
|    Compensation Board ........................... ACOM | Interrogatory .............................................. INTR |
|    DMV License Suspension ........................ JR | Judgment Lien – Bill to Enforce ............... LIEN |
|    Employment Commission ....................... EMP | Landlord/Tenant ............................................ LT |
|    Employment Grievance Decision ............. GRV | Law Enforcement/Public Official Petition ............ LEP |
|    Local Government ............................... GOVT | Mechanics Lien ........................................ MECH |
|    Marine Resources .................................. MAR | Medical Malpractice .................................. MED |
|    School Board ........................................... JR | Motor Vehicle Tort ..................................... MV |
|    Voter Registration ............................... AVOT | Name Change ................................................ NC |
|    Other Administrative Appeal ............... AAPL | Other General Tort Liability ..................... GTOR |
| Appointment | Partition ..................................................... PART |
|    Conservator of Peace ............................ COP | Permit, Unconstitutional Grant/Denial by Locality LUC |
|    Church Trustee ................................... AOCT | Petition – (Miscellaneous) ........................... PET |
|    Custodian/Successor Custodian (UTMA) ...... UTMA | Product Liability ....................................... PROD |
|    Guardian/Conservator .......................... APPT | Quiet Title ...................................................... QT |
|    Marriage Celebrant ............................ ROMC | Referendum Elections ............................... ELEC |
|    Standby Guardian/Conservator ............. STND | Reinstatement (Other than divorce or driving |
| Approval of Transfer of Structured Settlement ............ SS |    privileges) ............................................ REIN |
| Asbestos Litigation ......................................... AL | Removal of Case to Federal Court ............. REM |
| Attachment .................................................... ATT | Restore Firearms Rights – Felony ........... RFRF |
| Bond Forfeiture Appeal ................................. BFA | Restore Firearms Rights – Review ......... RFRR |
| Child Abuse and Neglect – Unfounded Complaint .. CAN | Separate Maintenance .................................. SEP |
| Civil Contempt .......................................... CCON | Separate Maintenance – Counterclaim/Responsive |
| Claim Impleading Third Party Defendant – |    Pleading ............................................. SCRP |
|    Monetary Damages/No Monetary Damages ......... CTP | Sever Order .............................................. SEVR |
| Complaint – (Miscellaneous) ....................... COM | Sex Change .................................................. COS |
| Compromise Settlement ............................. COMP | Taxes |
| Condemnation ........................................... COND |    Correct Erroneous State/Local .............. CTAX |
| Confessed Judgment ....................................... CJ |    Delinquent ........................................... DTAX |
| Contract Action ........................................... CNTR | Termination of Mineral Rights ................... MIN |
| Contract Specific Performance ..................... PERF | Trust – Impress/Declare/Create ............... TRST |
| Counterclaim – Monetary Damages/No Monetary | Trust – Reformation ................................... REFT |
|    Damages .................................................. CC | Uniform Foreign Country Money Judgments ...... RFCJ |
| Cross Claim ............................................... CROS | Unlawful Detainer ......................................... UD |
| Declaratory Judgment ................................. DECL | Vehicle Confiscation .................................... VEH |
| Declare Death ........................................... DDTH | Violation – Election Law ............................. VEL |
| Detinue ......................................................... DET | Voting Rights – Restoration ..................... VOTE |
| Divorce | Will Construction ...................................... CNST |
|    Complaint – Contested/Uncontested ......... DIV | Will Contested ........................................... WILL |
|    Counterclaim/Responsive Pleading ......... DCRP | Writs |
|    Reinstatement – Custody/Visitation/Support/ |    Certiorari ................................................. WC |
|    Equitable Distribution ............................. CVS |    Habeas Corpus ...................................... WHC |
| Driving Privileges |    Mandamus .............................................. WM |
|    Reinstatement pursuant to § 46.2-427 ............ DRIV |    Prohibition .............................................. WP |
|    Restoration – 3rd Offense ...................... REST |    Quo Warranto ...................................... WQW |
| Ejectment .................................................... EJET | Wrongful Death .......................................... WD |

**VIRGINIA:**

## IN THE CIRCUIT COURT OF ARLINGTON COUNTY

**SUSAN FEFFER**
4928 Little Falls Road
Arlington, VA 22207

      **Plaintiff,**

**v.**

                               **CASE NO.:** CL22-438



**HARRIS TEETER SUPERMARKETS, INC.**
701 Crestdale Road
Matthews, NC 28105

**Serve:**

Corporation Service Company
100 Shockoe Slip, Fl. 2
Richmond, VA 23129

      **Defendant.**

---

## COMPLAINT

**(Negligence-Premises Liability)**

    **COMES NOW** the Plaintiff, Susan Feffer (hereinafter referred to as "Ms. Feffer"), by and through her attorney, Demosthenes Komis, Esq. of the law firm of Karp, Wigodsky, Norwind, Kudel & Gold, P.A., and states the following cause of action against Defendant Harris Teeter Supermarkets, Inc.:

    1.    This cause of action arose on March 27, 2020 when Ms. Feffer sustained serious injuries when she slipped and fell on a wet floor at the Harris Teeter grocery store located in the Lee Harrison Shopping Center at 2425 N. Harrison Street in Arlington, Virginia (hereinafter referred to as "the Harris Teeter store").

2.      Ms. Feffer is an adult residing in Arlington, Virginia.

3.      Defendant Harris Teeter Supermarkets, Inc. (hereinafter referred to as "Harris Teeter") is a corporation organized and existing pursuant to the laws of the State of North Carolina with its principal office in Matthews, North Carolina.

4.      Upon information and belief, at all relevant times, Harris Teeter was an owner, occupant and/or operator of the Harris Teeter store.

5.      At the time of Ms. Feffer's fall at the Harris Teeter store on March 27, 2020 (hereinafter referred to as "the fall"), Harris Teeter had extended express or implied invitations to the Harris Teeter store's customers and invitees, including Ms. Feffer, to enter the Harris Teeter store for the purpose of shopping.

6.      The Court has personal jurisdiction over Harris Teeter because this cause of action arose from Harris Teeter transacting business in the Commonwealth of Virginia and from causing tortious injury by an act or omission in the Commonwealth of Virginia.

7.      Venue is proper because the fall occurred in Arlington County, Virginia.

8.      On the afternoon of March 27, 2020, at approximately 3:00 p.m., Ms. Feffer was shopping in the Harris Teeter store.

9.      At that time and place, Ms. Feffer was walking down a store aisle within the Harris Teeter store when she reached the end of the aisle and made a right turn. Suddenly, and without warning, she slipped on a large puddle of a liquid substance (hereinafter referred to as "the puddle") on the floor (hereinafter referred to as "the floor") and fell onto her left knee while bracing herself with her left arm, thereby sustaining bodily injuries.

10.     The puddle was located around the corner from the aisle that Ms. Feffer had turned from and in front of a display of sodas at the aisle's endcap.

11.     The liquid in the puddle was dark, and had the appearance of soda.

12.     Ms. Feffer was unaware of the presence of the puddle on the floor prior to the fall.

13.     At the time of the fall, the puddle was not open or obvious.

14.     The puddle was an unsafe condition in the Harris Teeter store.

15.     The puddle was substantial.  It was of such a character that a reasonably prudent owner, occupier and/or operator would have anticipated that it would endanger store customers if not removed.

16.     There were no signs or other warnings near the puddle that warned customers such as Ms. Feffer about the puddle.

17.     Ms. Feffer was exercising reasonable care for her own safety at the time of the fall.

18.     Ms. Feffer was free of contributory negligence and did not assume the risk of her injuries.

19.     Upon information and belief, Harris Teeter had the area of the fall under video surveillance at the time of the fall.

20.     At all relevant times, Harris Teeter, through its employees or agents, or both, knew, or should have known, about the presence of the puddle on the floor.

21.     At all relevant times, Harris Teeter, through its employees or agents, or both, knew, or should have known, that the presence of the puddle on the floor created an unsafe condition and an unreasonable risk of harm to customers and invitees on its premises, including Ms. Feffer.

22.     As the owner, occupant and/or operator of the Harris Teeter store, Harris Teeter owed a duty to Ms. Feffer, a customer and invitee lawfully in the Harris Teeter store, to use

ordinary care to keep the floor in a reasonably safe condition for her use, to remove the puddle and unsafe condition from the floor within a reasonable time, to prevent the formation of the puddle and unsafe condition, and to warn Ms. Feffer of the puddle and unsafe condition of the floor.

23.     Harris Teeter, through its agents or employees, or both, breached its duties to Ms. Feffer in the following ways:

a.     By failing to use ordinary care to keep the floor in a reasonably safe condition for Ms. Feffer's use;

b.     By failing to remove the puddle within a reasonable time;

c.     By failing to warn Ms. Feffer of the existence of the puddle.

d.     Harris Teeter was negligent in other ways.

24.     As a direct and proximate result of the negligence of Harris Teeter, Ms. Feffer suffered traumatic injuries of a temporary and permanent nature, including, but not limited to, a rotator cuff tear in her left shoulder as well as neck and back injuries.

25.     As a direct and proximate result of the negligence of Harris Teeter, Ms. Feffer has incurred and will in the future incur medical, hospital, therapy, and other expenses for the care and treatment of her injuries.  She has suffered and will in the future suffer physical pain, mental anguish, inconvenience, associated humiliation and embarrassment, and permanent disability. She may in the future lose income.  Ms. Feffer has been damaged in other ways.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Susan Feffer moves this Court for judgment against Defendant Harris Teeter Supermarkets, Inc. in the form of compensatory damages in the amount of SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00), with pre-judgment interest from the date of the incident forward, costs incurred by Plaintiff in this matter, post-judgment interest, and any other relief that this Court deems just and proper under the circumstances of this case.

**Respectfully Submitted,**

**Susan Feffer**
**By Counsel**

**KARP, WIGODSKY, NORWIND,**
**KUDEL & GOLD, P.A.**

Demosthenes Komis, VBN# 76039
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800 (p) (301) 948-5449 (f)
dkomis@karplawfirm.net
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable in this action.

Demosthenes Komis

**VIRGINIA:**

## IN THE CIRCUIT COURT OF ARLINGTON COUNTY

**SUSAN FEFFER**

     **Plaintiff,**

**v.**                           **CASE NO.:  013CL22000438-00**

**HARRIS TEETER SUPERMARKETS, INC.**

     **Defendant.**

---

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HARRIS TEETER SUPERMARKETS, INC.

Plaintiff Susan Feffer (hereinafter referred to as "Plaintiff"), by undersigned counsel and pursuant to Rule 4:9 of the Virginia Rules of the Supreme Court, propounds this Request for Production of Documents on Defendant Harris Teeter Supermarkets, Inc. (hereinafter referred to as "Defendant") and directs Defendant to answer this request within twenty-eight (28) days or within the time otherwise required by court order or specified by the Virginia Rules:

### Definitions and Instructions

    **(a)**    These production requests are continuing in nature.  If you obtain further material information before trial, you are required to supplement your answers promptly.

    **(b)**    Unless otherwise indicated, these production requests refer to the times, places, and circumstances of the collision complained of or mentioned in the pleadings.

    **(c)**    "Document" when used herein shall mean written, typed, printed, recorded, or graphic matter, however produced or reproduced, of any kind and description, and whether an original, master, duplicate, or copy, including but not limited to, papers, notes, accounts, books, advertisements, letters, memoranda, note of conversations, contracts, agreements, purchase orders, invoices, communications, including interoffice and intra-office memoranda, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, canceled checks, diaries, appointment books, inscriptions, sound or visual recordings of any type, drawings,

1

graphs, charts, photographs, or other data compilation from which information can be obtained, and translated, if necessary, through detection devices into reasonably usable form.

    **(d)**    "Identify," when used with respect to a document, shall mean that the answer must state its format (*e.g.*, letters, telex, memorandum, etc.), date prepared, addressee, author, recipient, present custodian, present location, and subject matter.

    **(e)**    "Communication" means any form whatsoever of correspondence, discussions, telephone calls, instructions, reports, and/or written or oral exchange between two or more persons.

    **(f)**    A "person" includes any individual, official, corporation, or any board, agency, department, or other body.

    **(g)**    The pronoun "you" refers to the party to whom these requests for production are directed and the persons mentioned in paragraph (l) below.

    **(h)**    The terms "occurrence" and "incident," unless otherwise indicated, mean the incident complained of in the pleadings.

    **(i)**    The term "date of the incident" refers to March 27, 2020, or the date that the incident is alleged to have occurred in the Complaint.

    **(j)**    The term "Harris Teeter store" refers to the Harris Teeter store located in the Lee Harrison Shopping Center at 2425 N. Harrison Street in Arlington, Virginia where the incident occurred.

    **(k)**    The term "floor" means the area or surface upon which it is alleged in the Complaint that Plaintiff slipped and fell.

    **(l)**    When knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, employees, employer, independent contractor, and unless privileged, attorneys.

    **(m)**    If any document is withheld from production hereunder, or any request objected to or refused under any basis, including the basis of privilege, or attorney work product, identify each such document (*e.g.*, date, number of pages, sender, addresses, identity of each person to whom copies were given or who had access to the same, subject matter and file in which it has been stored), and the grounds upon which its production is being withheld, objected to, or refused.

    **(n)**    Documents should be produced in their original file folders, if any, or as they are otherwise kept in the usual course of business. Documents are to be produced by the actual custodian of the documents unless otherwise agreed by counsel.

(o)    These requests encompass all documents within your possession, custody, or control.

(p)    If in responding to these requests, you encounter any ambiguity in construing any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

**IMPORTANT NOTICE REGARDING PRIVILEGES:** If you assert that a response to any request requires disclosure of privileged information, please state in detail the reasons for such objection or ground for exclusion, state the subject matter and substance of the information sought to be protected, the date the information was obtained, identify who obtained it, identify who requested the information be obtained, the privilege asserted and the reasons therefor, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

## DOCUMENTS REQUESTED

1.    Complete copies of all insurance policies, including excess and umbrella coverage, which may provide Defendant with liability insurance coverage for the incident.

**RESPONSE:**

2.    All video footage of any kind that show the incident or any part thereof.

**RESPONSE:**

3.    All video footage of any kind of the location of the incident from 6:00 a.m. on March 27, 2020 to 4:00 p.m. on March 27, 2020.

**RESPONSE:**

4.    All photographic, audio, or video footage of the Plaintiff on or at any point after the date of the incident.

**RESPONSE:**

5.    All photographic, audio, or video evidence or recordings or tangible evidence of any warnings of a wet or slippery floor at or near the location of the incident on the day of the incident.

**RESPONSE:**

3

6.      All incident reports prepared or maintained by Defendant in the ordinary course of business pertaining to the incident.

**RESPONSE:**

7.      All incident reports pertaining to the incident and possessed by Defendant that may have been prepared by the Plaintiff.

**RESPONSE:**

8.      All notes, records or other documents that were generated or compiled by Defendant in the course of any routine investigation of the incident or of conditions leading up to the incident.

**RESPONSE:**

9.      Cell phone records pertaining to any calls made to or from any phone in the possession of Defendant or its employees or agents who were at the location of the Plaintiff's fall on the date of the incident.

**RESPONSE:**

10.     All correspondence, including email messages, sent to or received by Defendant or an employee or agent of Defendant, other than communications between this Defendant and its attorneys or insurance carrier, regarding the incident.

**RESPONSE:**

11.     The time sheets and work schedules from the date of the incident of all employees or agents of Defendant who were responsible for mopping, sweeping, cleaning, and inspecting the floor at the Harris Teeter store on the date of the incident.

**RESPONSE:**

4

**12.**     All sweep, maintenance, and inspection logs pertaining to the floor from March 27, 2020.

**RESPONSE:**

**13.**     All documents, such as written guidelines, procedures, protocols and manuals, which relate to responding to an incident involving a fall at the Harris Teeter store and that were in effect on the date of the incident.

**RESPONSE:**

**14.**     All documents such as written guidelines, procedures, protocols and manuals, which relate to responding to a complaint about a wet or slippery surface at the Harris Teeter store and that were in effect on the date of the incident.

**RESPONSE:**

**15.**     All documents, such as written guidelines, procedures, protocols and manuals, which relate to cleaning wet floor surfaces or spills at the Harris Teeter store and that were in effect on the date of the incident.

**RESPONSE:**

**16.**     All documents, such as written guidelines, procedures, protocols and manuals, which relate to inspecting floor surfaces at the Harris Teeter store and that were in effect on the date of the incident.

**RESPONSE:**

**17.**     All documents, such as written guidelines, procedures, protocols and manuals, which relate to warning store customers about wet or slippery floors at the Harris Teeter store and that were in effect on the date of the incident.

**RESPONSE:**

18.    All photographs, building plans, blueprints, drawings or graphics that in any way reflect the location of the incident.

**RESPONSE:**

19.    All photographs or video footage of any liquid on the floor on the date of the incident.

**RESPONSE:**

20.    All photographs or video footage of the aisle end cap display at the location of Plaintiff's fall on the date of the incident.

**RESPONSE:**

21.    All documents that describe the composition of the floor at the location of the incident.

**RESPONSE:**

22.    All documents, such as incident or complaint reports, text messages, emails, correspondence or other written communications relating to complaints made about the floor being slippery or wet on the date of the incident and prior to the occurrence of the incident.

**RESPONSE:**

23.    All documents, such as incident or complaint reports, text messages, emails, correspondence or other written communications relating to complaints made about wet or slippery floors at the Harris Teeter store in the one year prior to the incident.

**RESPONSE:**

24.    All reports relating to this matter that have been prepared by any expert witness that Defendant intends to call to testify at the trial of this matter.

**RESPONSE:**

25.    All records, publications, correspondence or other documents provided to or received from any expert that Defendant intends to call to testify at the trial of this matter.

**RESPONSE:**

26.    All written or transcribed statements made by Plaintiff pertaining to the incident.

**RESPONSE:**

27.    All written or transcribed statements obtained from witnesses to the incident that were obtained by Harris Teeter in the ordinary course of business.

**RESPONSE:**

25.    All documents and other tangible evidence supporting any claim of contributory negligence or assumption of the risk by Plaintiff.

**RESPONSE:**

26.    All other documents identified in your answers to interrogatories not previously identified and produced in response to these requests for production.

**RESPONSE:**

27.    The curriculum vitae, fee schedule and list of publications prepared by any expert witness that Harris Teeter intends to call to testify at the trial of this matter.

**RESPONSE:**

Respectfully Submitted,

Susan Feffer
By Counsel

KARP, WIGODSKY, NORWIND,
KUDEL & GOLD, P.A.

Demosthenes Komis, VBN# 76039
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800 (p) (301) 948-5449 (f)
dkomis@karplawfirm.net
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the _18th_ day of February 2022, a copy of the foregoing

***Plaintiff's Request for Production of Documents to Harris Teeter Supermarkets, Inc.*** was

attached to the Complaint and Summons in this action to be served on:

Harris Teeter Supermarkets, Inc.
c/o Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23129

Demosthenes Komis

8

**VIRGINIA:**

### IN THE CIRCUIT COURT OF ARLINGTON COUNTY

| | |
|---|---|
| **SUSAN FEFFER** | |
| **Plaintiff,** | |
| **v.** | **CASE NO.:  013CL22000438-00** |
| **HARRIS TEETER SUPERMARKETS, INC.** | |
| **Defendant.** | |

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT HARRIS TEETER SUPERMARKETS, INC.

Plaintiff Susan Feffer (hereinafter referred to as "Ms. Feffer"), by undersigned counsel and pursuant to Rule 4:8 of the Virginia Rules of the Supreme Court, propounds these Interrogatories on Defendant Harris Teeter Supermarkets, Inc. (hereinafter referred to as "Defendant") and directs Defendant to answer these Interrogatories within twenty-eight (28) days or within the time otherwise required by court order or specified by the Virginia Rules:

### Instructions

a)  Your response shall set forth the interrogatory and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

b)  Your answers "shall include all information available to you directly or through agents, representatives, or attorneys."

c)  These interrogatories are continuing. If you obtain further material information before trial, you are required to supplement your answers promptly.

d) If you elect to specify and produce business records in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained.

e) If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

### Definitions

In these interrogatories, the following definitions apply:

a) "Document" includes a writing, electronic mail communication, transcript, drawing, graph, chart, photograph, motion picture, videotape, audio, or visual recording, and any other data compilation from which information can be obtained and translated through detection devices, if necessary, into reasonable usable form.

b) "Identify," "identify," or "identification," (1) when used in reference to a natural person, includes that person's full name, last known address, home and business telephone numbers, and present occupation and employer; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc., under the definition of person below), and the person's last known address, telephone number, and principal place of business; (3) when used in reference to any person previously, properly identified means the person's name, and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g., letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

2

c) "Person" includes an individual, general limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency of a political subdivision of the State, a court, and any other governmental entity.

d) The terms "occurrence" and "incident," unless otherwise indicated, mean the incident complained of in the pleadings.

e) The term "date of the incident" refers to March 27, 2020, or the date that the incident is alleged to have occurred in the Complaint.

f) The term "floor" means the area or surface upon which it is alleged in the Complaint that Plaintiff slipped and fell.

g) The term "possession" includes possession, custody, or control.

h) The term "Harris Teeter store" refers to the Harris Teeter Store located in the Lee Harrison Shopping Center at 2425 N. Harrison Street in Arlington, Virginia.

## **INTERROGATORIES**

**1.** State the complete legal corporate name, address, date and place of incorporation, and the registered agent for service of process for this Defendant as of the date of the incident referred to in the Complaint. If you contend that you have been improperly named in this lawsuit, please state the reasons why and give the correct legal name.

**ANSWER:**

**2.** List all liability insurance policies that may provide you with primary,

3

professional liability, secondary, or excess coverage for the events that are referenced in the complaint filed in this lawsuit and set forth the limits of coverage, the nature of coverage, and the names of the insureds and insurers.

**ANSWER:**

    **3.**     Please identify the store manager(s) of the Harris Teeter store on the date of the incident.

**ANSWER:**

    **4.**     Please identify all employees or agents of this Defendant who were responsible for sweeping, mopping, cleaning, and inspecting the floor at the location where Ms. Feffer slipped and fell (hereinafter referred to as "the floor") in the Harris Teeter store on the date of the incident, state the time frame of each employee or agent's shift that day, and whether each employee or agent was present that day for their shift that day.

**ANSWER:**

    **5.**     Please identify all employees or agents of this Defendant who were responsible for cleaning spills or wet floors at the Harris Teeter store on the date of the incident and state the time of each employee or agent's shift that day.

**ANSWER:**

    **6.**     Describe the aisle end cap display that was present at or near the location where Ms. Feffer slipped and fell, including the type of item(s) on display, the manufacturer and brand of the item.

**ANSWER:**

**7.**      Set forth in complete detail all facts as to how you contend the incident occurred, identifying the sources and witnesses to each fact.  Please identify all documents and the custodians of such documents in support of your contention and attach copies.

**ANSWER:**

**8.**      Please identify all security video cameras in a position to capture video of the incident, including the name of the camera, identification number, exact location of the camera, whether the camera was manned or unmanned, and whether the camera was functioning at the time of the incident.  If Defendant has any video footage of the incident, please produce it.

**ANSWER:**

**9.**   Identify the date and time that the floor was last cleaned, mopped, swept, and/or inspected prior to the occurrence of the incident and by whom such cleaning, mopping, sweeping, and/or inspection was performed.

**ANSWER:**

**10.**      Describe in detail the cleaning, mopping, and sweeping schedule for the floor in the twenty-four (24) hours prior to the occurrence of the incident, including the identities of all individuals assigned to said tasks, the type of cleaning, mopping and sweeping that was performed, including any materials and equipment used to perform the mopping, sweeping and cleaning, and the time(s) that said cleaning, mopping and sweeping was performed in the twenty-four (24) hours prior to the occurrence of the incident.

**ANSWER:**

**11.**      Describe all inspections of the floor in the twenty-four (24) hours

prior to the incident, including the finding(s) of the inspections, the time(s) of the inspection(s), the identity of the person who performed the inspections, and provide copies of all inspection reports.

**ANSWER:**

12.    Describe all policies and procedures that were put in place by this Defendant and in effect at the time of the incident for cleaning, mopping, sweeping, and inspecting floor areas, such as the area where the incident occurred.

**ANSWER:**

13.    Describe all policies and procedures that were put in place by this Defendant and in effect at the time of the incident for identifying and cleaning wet floor areas and spills in the Harris Teeter store.

**ANSWER:**

14.    Describe the type and approximate amount of liquid present on the floor at the time of the incident, including the color of the liquid.

**ANSWER:**

15.    State how the liquid identified in interrogatory answer no. 14 came to be present on the floor at the time of the incident and the length of time that the liquid had been present on the floor prior to the incident.

**ANSWER:**

16.    State how the Defendant first learned of the presence of the liquid identified in interrogatory answer no. 14 on the floor on the date of the incident and the time that Defendant first learned of the presence of the liquid on the floor.

**ANSWER:**

17.     Describe any warnings, such as signs, cones, or other barriers that were present at or near the floor at the time of the incident that alerted pedestrians that the floor was wet.

**ANSWER:**

18.     Describe all policies and procedures that were put in place by this Defendant and in effect at the time of the incident for warning pedestrians of wet floor areas, such as the area where the incident occurred.

**ANSWER:**

19.     If you contend that there was no liquid present on the floor at the time of the incident, please so state along with all facts that support your contention.

**ANSWER:**

20.     Did any person(s), other than the Plaintiff, notify the Harris Teeter store or its employees or agents of any spills on the floor or of the floor being wet on the date of the incident? If so, identify the person who notified Defendant of the spill or wet floor, state when said person notified Harris Teeter of the spill or wet floor, and what said person told Defendant about the spill or wet floor.

**ANSWER:**

21.     Describe all complaints of wet or slippery floors at the Harris Teeter store in the one (1) year prior to the incident, including the substance of the complaint, the identity of the person who made the complaint, and the date that the complaint was made.

**ANSWER:**

22.     If you contend that any person or entity that is not named in the complaint may be responsible for the payment of any judgment in this action, identify the person or entity and state the reasons why the person or entity may be responsible for the payment of any judgment in this action. If you make no such contention, please so state.

**ANSWER:**

23.     If you contend that Plaintiff's own negligence caused or contributed to her injuries or that Plaintiff assumed the risk of her injuries, set forth in complete detail all facts upon which you rely, identifying the sources and witnesses to each fact. Please identify all documents and the custodians of such documents in support of your contention and attach copies.

**ANSWER:**

24.     If you are aware of the existence of any written or transcribed statements relating this incident, identify the person who made the statement, describe the substance of the statement, and identify the current custodian of the statement.

**ANSWER:**

25.     Identify all persons with knowledge of this incident or of the condition of the floor at the time of the incident and state the substance of their knowledge.

**ANSWER:**

26.     Identify all persons who investigated the cause and circumstances of the incident, including the name and address of any insurance representative.

**ANSWER:**

27.     Identify each person whom you expect to call as an expert witness at trial, state

the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report(s) made by the expert concerning those findings and opinions, a current copy of the expert's curriculum vitae or resume, publication list, and fee schedule.

**ANSWER:**

28.   Identify all persons not previously identified who have any knowledge, directly or indirectly, or through investigation, concerning the incident, incident-related injuries or damages, and any defenses to the Plaintiff's claims.

**ANSWER:**

29.   If a report with respect to the incident was made in the ordinary course of Defendant's business, or pursuant to any state or federal regulations, please state the date of the report, the contents of the report, the identity of the person who made the report, the custodian of the report, and identify any and all documents relating thereto.

**ANSWER:**

**Respectfully Submitted,**

Susan Feffer
**By Counsel**


**KARP, WIGODSKY, NORWIND,
KUDEL & GOLD, P.A.**

Demosthenes Komis, VBN# 76039
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800 (p) (301) 948-5449 (f)
dkomis@karplawfirm.net
*Attorney for Plaintiff*



## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th day of February 2022, a copy of the foregoing

***Plaintiff's Interrogatories to Harris Teeter Supermarkets, Inc.*** was attached to the

Complaint and Summons in this action to be served on:

Harris Teeter Supermarkets, Inc.
c/o Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, VA 23129


Demosthenes Komis


10